UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:07-CV-78-H

**FILED**

Jeffrey A. Apperson, Clerk

JUL 2 4 2009

U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

BARTON BRANDS, LTD.                                          PLAINTIFF

V.

O'BRIEN & GERE, INC. OF NORTH                          DEFENDANTS
AMERICA, et al.

### JURY INSTRUCTIONS

**Members of the Jury**, now that you have heard all of the evidence and the argument of

the attorneys, it is my duty to give you instructions as to the law applicable in this case.

It is your duty as jurors to follow the law as stated in the instructions, and to apply that

law to the facts you find from the evidence.  Do not single out one instruction alone as stating the

law but you should consider the instructions as a whole.  Nor should you be concerned with the

wisdom of any rule of law stated by the Court.  You must apply the law given in these

instructions whether you agree with it or not.

It is your duty to determine the facts, and in so doing you must consider only the evidence

I have admitted in the case.  The term "evidence" includes the sworn testimony of the witnesses

and the exhibits admitted in the record.  It is your own interpretation and recollection of the

evidence that controls.  The statements, objections, and arguments made by the lawyers are not

evidence.  What the lawyers have said to you is not binding upon you.  You are permitted to draw

reasonable inferences, deductions, and conclusions from the testimony and exhibits which you

feel are justified in the light of your own common sense.

1

In saying that you must consider all the evidence, I do not mean to suggest that you must necessarily accept all of the evidence as true or accurate. You are the sole judges of the credibility or believability of each witness and the weight to be given to the testimony of each witness. In determining the credibility of any witness, you may properly consider the demeanor of the witness while testifying, frankness or lack of it, and his or her interest in the outcome of the case, if any.

A witness may be discredited or impeached by contradictory evidence, or by evidence that at some other time the witness has said or done something, or has failed to say or do something, which is inconsistent with the witness' present testimony, or by evidence that the character of the witness for truthfulness is bad. If you believe any witness has been impeached, and thus discredited, it is your exclusive province to give the testimony of that witness such credibility, if any, as you may think it deserves.

The rules of evidence permit a witness who by education and experience has become an expert in any art, science, or profession to state an opinion and the reasons for such an opinion. You should consider this evidence and give it such weight as you, in the application of your common sense, may think it deserves. If you should conclude that the reasons given by the expert witness in support of an opinion are not sound, or that the opinion is outweighed by other credible evidence in the case, or by the opinion of some other expert, then you may reject the opinion of such expert in whole or in part.

The weight of the evidence is not necessarily determined by the number of witnesses testifying as to the existence or nonexistence of any fact. You should be guided in your deliberations by the quality and credibility of the evidence you have heard.

2

You should consider and decide this case as a dispute between persons of equal standing in the community, or equal worth, and holding the same or similar stations in life. A corporation and an unincorporated association are entitled to the same fair trial as private individuals. All persons, including Barton Brands and O'Brien & Gere, stand equal before the law, and are to be treated as equals.

In this case, Barton Brands contracted with O'Brien & Gere to provide a pollution control and ash handling system which included a baghouse. Plaintiff Barton Brands claims that the baghouse provided by Defendant O'Brien & Gere was not fit for its intended purpose. You must make this determination based on the condition of the baghouse as it existed prior to the fire.

In deciding the issues in this case, you should assume as a matter of law and evidence that neither the fire on December 5, 2006, nor any other fires, were caused by any design or construction defect, nor by any other cause attributable to either O'Brien & Gere or Astec.

3

## INSTRUCTION NO. 1

Barton Brands contends that O'Brien & Gere breached an implied warranty that the baghouse was fit for its intended use.

Where the seller, at the time of contracting, has reason to know the specific use for which the buyer is purchasing goods and that the buyer is relying on the seller's skill or judgment to select or furnish goods suitable for that use, Kentucky law creates an implied warranty that the goods will be fit for that particular purpose.

Determine whether O'Brien & Gere made such an implied warranty. Indicate your answer in QUESTION NO. 1 on the Verdict Form.

If you answer "NO" to QUESTION NO. 1, you should indicate your answer on the Verdict Form. Sign and date the Verdict Form and return to the courtroom.

If you answered "YES" to QUESTION NO. 1, you now must determine whether the baghouse, as it existed prior to the fire, was fit for its intended purpose. Indicate your answer in QUESTION NO. 2 on the Verdict Form.

If you answer "YES" to QUESTION NO. 2, you should indicate your answer on the Verdict Form. Sign and date the Verdict Form and return to the courtroom.

4

## INSTRUCTION NO. 2

If you have answered "NO" to QUESTION NO. 2 of the Verdict Form, you must now award damages sufficient to put Barton Brands in as good of a position as if O'Brien & Gere had not breached any warranties. Specifically, you shall award Barton Brands the more reasonable of: 1) the cost of retrofitting the baghouse to make it fit for its intended purpose, or 2) the difference in value between the baghouse as received and the baghouse as warranted. In considering reasonableness you may consider what amount is sufficient to provide Barton Brands with a baghouse as warranted.

In determining the value of the baghouse as received by Barton Brands, you may consider whether it had any resale value. There is no evidence that the value of the baghouse as received by Barton Brands exceeded $383,000.

You may also award "incidental damages" relating to the breach of any warranties.

"Incidental damages" are defined as any reasonable expense caused by the breach including, but not limited to, any commercially reasonable charges, expenses or commissions in connection with removing the baghouse.

You should not give any consideration to amounts owed to O'Brien & Gere in determining Barton Brands's damages.

**Indicate your awards, if any, for each of the three categories under QUESTION NO. 3 of the Verdict Form. Sign and date the Verdict Form and return to the courtroom.**

Any verdict must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree. Your verdict must be unanimous.

It is your duty as jurors to consult with one another, and to deliberate with a view to reach an agreement if you can do so without violence to individual judgment. You must each decide the case for yourself, but only after an impartial consideration of the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own views and change your opinion if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of the evidence solely because of the opinion of your fellow jurors or for the mere purpose of returning a verdict.

Upon retiring to the jury room, you will select one of your number to act as your foreperson. The foreperson will preside over your deliberations and will be your spokesperson here in Court. As I indicated, a verdict form has been prepared for your convenience. You will take this form to the jury room and, when you have reached unanimous agreement as to your verdict, you will have your foreperson fill in, date and sign the verdict upon which you unanimously agree with respect to each issue in this case. You will then return with your verdict to the courtroom.

6

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:07-CV-78-H

BARTON BRANDS, LTD.                                          PLAINTIFF

V.

O'BRIEN & GERE, INC. OF NORTH                           DEFENDANTS
AMERICA, et al.

## VERDICT FORM

Please record your verdict by answering the following questions; remember that your

verdict must be unanimous.

### QUESTION NO. 1: Did O'Brien & Gere make an implied warranty?

Yes          _____

No           _____

### QUESTION NO. 2: Was the baghouse fit for its intended purpose?

Yes          _____

No           _____

### QUESTION NO. 3: Barton Brands's Damages

1. The more reasonable of:

a) The cost of retrofitting the baghouse to          $_____
make it fit for its intended purpose;

OR

b) Difference in value between the
baghouse as received (not more
than $383,000) and the baghouse as
warranted (not more than $708,000), and

$_____
(not to exceed $708,000)

c) Incidental damages for removing
the baghouse.

$_____
(not to exceed $57,434)

TOTAL:     $_____
(not to exceed $765,434)

_____
DATE

_____
FOREPERSON